

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 15, 1939

Hon. Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. 0-957
Re: Duties and responsibilities
of State Treasurer under pro-
visions of Article 1524-a.

We have for acknowledgment your letter of June
9, 1939, wherein you request the opinion of this Depart-
ment upon the following matters:

"Whether the State Treasurer, under the
provisions of Article 1524-a, should arrange
for the recording of assignments of deeds of
trust pledged with him as trustee under the pro-
visions of Section 7, Article 1524-a, in order
that title may be shown by the record to be in
the State Treasurer, and whether the State
Treasurer should execute a release when any of
these notes are paid off."

The statute referred to contemplates that the
State Treasurer shall act as trustee in respect to secur-
ities deposited with it under the terms of the Act. The
statute, therefore, necessarily contemplates that the
State Treasurer shall do and perform all of those things
which are or may be necessary in order to effectuate and
effectively administer the trust. The recording of the
assignments referred to in various counties, in order that
title may be shown by the records to be in the State Trea-
surer, is certainly essential to the creation, effectively,
of the trust, and the execution of a release by the State
Treasurer is, of course, necessary to the effective adminis-
tration of the trust. The State Treasurer is therefore auth-
orized and required to see to it that these duties are per-
formed. However, it is, of course, not contemplated by the
statutes that the State Treasurer should, out of State funds,

Hon. Charley Lockhart, June 15, 1939, Page 2.

defray the cost of recording these assignments, but the cost of this must be defrayed by the corporation depositing the securities.

You also ask the broad and general question as to the duties and responsibilities of the State Treasurer as regards the securities placed with him under the trust agreements referred to in Article 1524-a.

The law contemplates that the Treasurer shall receive, as trustee, such securities as may be approved as eligible and sufficient for deposit, in writing, by the State Banking Commissioner. These securities are to be held by the State Treasurer in accordance with the terms of the trust agreement which shall have been approved in writing by the Banking Commissioner. Such securities are only authorized to be withdrawn from the possession of the State Treasurer upon a written certificate of authorization to do so from the Banking Commissioner of Texas, which certificate shall be filed with the State Treasurer, and which certificate shall state that the withdrawal of the particular securities is authorized by the Banking Commissioner and that such withdrawal will not reduce the amount of securities below the amount required by the Act, the Act, as you know, requiring that outstanding installment obligations of the corporation shall be secured at all times by securities having the reasonable market value equal to the withdrawal or cancellation value of such obligations outstanding.

The law seems to contemplate chiefly that the State Treasurer shall be the custodian of the securities, and that he shall deal with such securities in the manner provided by the trust agreement approved by the Banking Commissioner, at least insofar as such trust agreement does not violate the terms of the law.

The above discussion of the duties and responsibilities of the State Treasurer with regard to these securities, is, of necessity, rather general. If you will direct our attention to any specific matters upon which you are in doubt, we will endeavor to advise you.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. W. Fairchild

R. W. Fairchild
Assistant

RWF:PBP

APPROVED:

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN